IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL A. GUTIERREZ RIVERA, ET AL.,

Plaintiff,

v.

JUAN A. FLORES GALARZA, ET AL.,

Defendants.

CIVIL NO.  04-1144 (DRD)

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Plaintiffs Miguel A. Gutiérrez Rivera ("Gutiérrez") and Angel Vega-Vázquez ("Vega") filed this civil rights action against Juan A. Flores Galarza, in his personal capacity and as Secretary of the Department of the Treasury, and against Ismael Vicenty and Nitza Fusté in their official capacities, and María del C. Betancourt, in her personal and official capacity.[1]  Plaintiffs claim they were terminated from employment as employees of the Commonwealth of Puerto Rico due to political discrimination and thus invoke the jurisdiction of this federal forum pursuant to 42 U.S.C. §1983, as well as for violation of their First and Fourteenth Amendment of the United States Constitution and pendent supplemental jurisdiction under the laws of Puerto Rico.  (**Docket No. 1**).

Defendants filed a motion for summary judgment predicated on plaintiffs' lack of evidence to show a substantial or motivating factor behind any adverse personnel action  to support their claim of political discrimination (**Docket No. 15, 16**).  The motion included

---

[1]  Ismael Vicenty held the position fo Auxiliary Secretary for Internal Revenue; Mrs. Nitza Fusté held the position of Auxiliary Secretary for Administration, and Mrs. María del C. Betancourt, was the Auxiliary Secretary for Human Resources.

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 2

defendants' Statement of Uncontested Facts and documents attached thereto, which translations to the English language were filed on January 14, 24, and 31, 2005 (**Docket Nos. 24, 25, 27**).  Defendants claim the reason for notifying plaintiffs they were to be dismissed from employment, after due process had been granted, was their failure to comply with their duties as taxpayers and the late filing of their income tax returns in violation of internal regulations of the Department of the Treasury.  Defendants also aver plaintiffs would not be able to show at trial a substantial or motivating factor behind the employment action was because of political motivation.

On October 25, 2004, plaintiffs filed their Opposition to defendants' Summary Judgment absent any sworn Complaint, statement or affidavit (**Docket No. 20**).  Plaintiffs' Opposition rests on a statement of material facts that, for the most part, denies each numbered paragraph of the moving party's statement of material facts by reiterating "denied inasmuch as it is a generalized, unsupported, self-serving, irrelevant, hearsay, and thus inadmissible statement. " *See* Docket No. 20, Plaintiffs' Statement of Material Facts ¶¶ 1-10, 17, 19, 24, 31, 32-42.  The exhibits attached to plaintiffs' Opposition include a translated, yet uncertified, copy of a letter of November 21, 2002, addressed to Ms. Neidi Mulero Díaz, and a few other correspondence in the Spanish language that, absent an English translation, will not be considered since the Court already admonished the parties back in January 11, 2005, no further extensions to submit the translations would be granted (Docket No. 22).[2]

---

[2] The parties should take notice that federal litigation in Puerto Rico is to be conducted in the English language. 48 U.S.C.A. § 864.  In collecting a record, a Puerto Rico district court must sift out non-English materials and considered solely those documents submitted in the English-language. Fed. Civ.Proc.Rule 56, 48 U.S.C.A. § 864; Estades-Negroni v. Associates Corp. of North America, 359 F.3d 1 (1st Cir. 2004); González-De-Blasini v. Family Dept., 377 F.3d 81 (1st Cir. 2004).

Defendants submitted a response objecting to plaintiffs' Opposition, in particular the generalized statement of uncontested facts, which should result in considering the motion for summary judgment as unopposed (**Docket No. 21**).

These motions were referred to this Magistrate Judge for report and recommendation (**Docket No. 29**).

## II.    FACTUAL BACKGROUND

Plaintiffs Miguel Gutiérrez-Rivera and Angel Vega Vázquez worked at the Department of the Treasury of the Commonwealth of Puerto Rico as career employees with a permanent position.  The unsworn Complaint filed in this case claims entitlement to declaratory and injunctive relief for constitutional violations since as members of the New Progressive Party ("NPP") they were subject of adverse employment action by defendants, members of the opposing party, the Popular Democratic Party ("PDP"), on grounds of political discrimination.

Defendants succinctly submitted, prior to any adverse employment decision ensued, a matching process attuned with a cooperation agreement between the Department of the Treasury and the United States Internal Revenue Service disclosed plaintiffs herein did not file their Puerto Rico income tax return for the year 1999.  Thus, plaintiffs, as well as some other sixty (60) individuals in similar situation, were requested to appear before the Tax Return Processing Bureau of the Treasury Department.  By late March 2001, plaintiff Gutiérrez was found not having filed his income tax returns for the years 1996, 1997 and 1999.  By same date, plaintiff Vega had not filed his income tax returns for the year 1999, and for the years 1995, 1996 and 1997, these were filed on January 13, 1998, and March 8, 1999.

Timely notice and separate administrative hearings for plaintiffs were held on the basis of reports of the investigation conducted by the Office of Administrative Investigations. Independent examiner officials individually confirmed plaintiffs violated sections of the Puerto Rico Public Service Personnel Act and regulations regarding employees' conduct of the Department of the Treasury. The resolutions issued recommended to the nominating authority, Juan A. Flores Galarza, the destitution from the positions occupied by plaintiffs with the Department of the Treasury. Following these administrative processes, plaintiffs were then notified by co-defendant Flores Galarza of the proposed decision to dismiss them from employment and their right to appeal. Plaintiffs filed their respective administrative appeals to the termination decision before the Personnel Administration System Board of Appeals (known as J.A.S.A.P.) which dispositions are still pending.

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir., 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v.

Corporación Insular, 111 F.3d 184, 187 (1st Cir.  1997).  A fact is deemed "material" if it potentially could affect the outcome of the suit.  *Id*.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor."  *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor."  Maldonado-Denis v.  Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir., 1994).  There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ."  Greenburg v. Puerto Rico Mar.  Shipping Auth., 835 F.2d 932, 936 (1st Cir., 1987).  In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment."  Cadle Co.  v. Hayes, 116 F.3d 957, 960 (1st Cir., 1997).

Finally, when considering this motion, unsettled issues of motive and intent as to the conduct of any party will normally preclude the Court from granting summary judgment. Mulero-Rodríguez v.  Ponte, Inc., 98 F.3d 670, 677 (1st Cir., 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (internal quotation marks omitted) (citation omitted).  However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be

appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." Ayala-Genera v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996).

## IV. LEGAL DISCUSSION

### A. First Amendment - Plaintiffs' Constitutional Protection.

It is clear that non-policymaking public employees are constitutionally protected from adverse employment decisions on account of their political affiliation. *See* Rutan v. Repub. Party, 497 U.S. 62, 75, 110 S.Ct. 2729 (1990). This constitutional doctrine is premised on the fact that politically motivated discharge infringes on freedom rights protected by the U.S. Constitution, such as the freedom of belief and association encompassed in the First Amendment. Elrod v. Burns, 427 U.S. 347, 355-58, 96 S.Ct. 2673 (1976); Padilla-García v. Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000).

As to the First Amendment protection, when a public employee presents a political discrimination claim against an employer, the court must initially determine whether the plaintiff is the kind of employee whose job enjoys protection against political patronage. *See* Branti v. Finkel, 445 U.S. 507, 517-20, 100 S.Ct. 1287 (1980) (*dismissing* of a public employee based solely on political allegiance violates the First Amendment). This protection extends to public employees who occupy neither policymaking positions nor positions of unusual confidence. *See* Vázquez Ríos v. Hernández Colón, 819 F.2d 319, 322-26 (1st Cir.1987); Gómez v. Rivera, 344 F.3d 103, 109-110 (1st Cir. 2003). It must be determined also whether a plaintiff was denied, banished from, or suffer adverse employment action in public employment for political reasons.

There is no controversy plaintiffs Gutiérrez and Vega were not trust or confidence public employees for which political affiliation was not a requirement for the effective performance of the duties of their positions. Thus, plaintiffs are non-policy making employees who, if First Amendment violations were present, would be entitled to protection under an umbrella of constitutional dimensions.

**B.      Due Process Claim -  Plaintiffs' Property Rights**.

To establish a procedural due process claim, plaintiffs must show they held a property interest as defined by state law and defendants, acting under color of state law, deprived them of their property interest without constitutionally adequate process. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148 (1982); Mimiya Hosp., Inc. v. U. S. Dept. of Health and Human Servs., 331 F.3d 178, 181 (1st Cir. 2003) (*stating* as being well established that individuals whose property interests are at stake are entitled to notice and an opportunity to be heard) (*quoting* from Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694 (2002)).

Whether or not a position is subject to political discharge is a legal question for the courts. Flynn v. City of Boston, 140 F.3d 42 (1st Cir. 1998); Vázquez Ríos, 819 F.2d at 322-26 (domestic services employees in the Governor's Mansion whose ministerial functions of purely domestic nature did not even potentially concern matters of partisan political interest which could label them confidential public employees and thus were protected against politically motivated discharge). As such, under Puerto Rico law, "career" or regular employees have a property interest in continued employment that would be protected by the due process clause

of the Fourteenth Amendment and can only be fired for good cause. U.S. Constitution, Amend. 14.

In the instant case, defendants have not raised any controversy plaintiffs held regular and/or non-trust positions, for which political patronage would not be a requirement to exercise their duties. There is no further need to discuss plaintiffs are indeed entitled to due process before being deprived of their property right to public employment. As previously mentioned, the protection extends to public employees such as herein plaintiffs, who occupy neither policymaking positions nor positions of unusual confidence. Gómez, 344 F.3d at 109-110; Vázquez Ríos, 819 F.2d at 322-26.

## C. Political Discrimination Claims.

An analysis remains as to whether plaintiffs in this case could meet their burden to establish deprivation of their First and Fourteenth Amendment rights. In summary judgment, the burden is similar to judgment as a matter of law in political discrimination claims. Vázquez Valentín v. Santiago Díaz; 385 F.3d 23, n. 16 (1st Cir. 2004); Figueroa Serrano v. Ramos Alverio, 221 F.3d 1 (1st Cir. 2000).

In claims of political discrimination in employment, non-policy making employees have the burden to produce sufficient, direct or circumstantial, from which a rational jury could find that their political affiliation was a substantial or motivating factor behind the adverse employment action in other words, establish causation.[3] LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996); Acevedo Díaz v. Aponte, 1 F.3d 62, 66 (1st Cir. 1993). The employer must then

---

[3] See Padilla-García, 212 F.3d at 69 indicting that, once plaintiff satisfies this burden, the devoir of persuasion shifts to defendants to prove they would have taken the same action regardless of plaintiff's political affiliation.

articulate a non-discriminatory basis for the adverse employment action and establish, by a preponderance of the evidence, that it would have taken such action without regard to plaintiffs' political affiliation. *See* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

The analysis established by Mt. Healthy for political discrimination cases passes the burden of persuasion to the defendant-employer once plaintiffs have produced sufficient evidence of a *prima facie* case. In other words, "the plaintiff-employee will prevail unless the fact finder concludes that the defendant has produced enough evidence to establish that the plaintiff's dismissal would have occurred in any event for nondiscriminatory reasons." Padilla-García, 212 F.3d at 77-78. Thus, defendants must persuade the court that the proffered non-discriminatory reason is credible. Rodríguez Ríos v. Cordero, 138 F.3d 22, 26 (1st Cir. 1998).

On the one hand, plaintiffs' burden under Mt. Healthy goes directly to causation. To prevail, they must point to evidence in the record that would "permit a rational fact finder to conclude that the challenged personnel action occurred and stemmed from a politically discriminatory animus". Rivera Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994); Vázquez v. López Rosario, 134 F.3d 28, 36 (1st Cir. 1998). This showing would require more than merely "juxtaposing a protected characteristic – someone else's politics – with the fact that plaintiff was treated unfairly. Correa-Martínez v. Arrillaga Beléndez, 903 F.2d 49, 58 (1st Cir. 1990). *See* Rodríguez-Ríos, 138 F.3d at 26 (*finding* evidence sufficient when demonstrated defendants were politically active and were aware of plaintiff's opposing views).

In the present case, plaintiffs have presented no evidence whatsoever to meet their burden of establishing a *prima facie* case. Their Opposition to defendants' Motion for Summary Judgment is devoid of substance. As explained in detail herein below, from the translated exhibits and attachments, there is no controversy of genuine material facts and no credibility determinations which preclude the granting of summary judgment as requested by defendants, more so since plaintiffs' Opposition fails to address, in form and in substance, defendants' substantiated statements or to comply with Local Rules 7.1 (b) and 56.[4]

Local Rule 7.1(b) requires any objection to include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based. *See* Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 43-44 (1st Cir. 2004); Cosme-Rosado v. Alfredo Serrano- Rodríguez, 196 F.Supp.2d 117, 119 (D. Puerto Rico 2002).

The enforcement of this rule has been consistently upheld, further noting repeatedly that "parties ignore [it] at their peril" and that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (*citing* prior cases); *accord* Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001). Cosme-Rosado, 360 F.3d at 45.  ("All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted

---

[4] Consonant with the requirements of Fed.R.Civ.P. 56, Local Rule 56(c) requires from a party opposing statement of material facts not only to admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts, but to support each denial or qualification by a record citation as required by this rule. Local Rule 56(e) allows the court to disregard any statement of fact not supported by a specific citation to record material property considered on summary judgment.

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 11

by the statement required to be served by the opposing party."), and summary judgment rightly followed.[5]

Still, even if defendants' motion is deemed as unopposed, summary judgment is not granted in a vacuum.  Opposed or not, summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see* Fed.R.Civ.P. 56(e). Carmona v. Toledo, 215 F.3d 124, 134 (1st Cir. 2000) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered").

### 1.  Plaintiff Prima Facie Burden.

Plaintiffs have failed to submit any affidavit, sworn statement or averment in a sworn complaint as evidence in opposition to summary judgment to establish their political affiliation to the NPP party was well known. Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (*noting* such affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence); Santiago Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) (*finding* affidavits submitted in opposition to summary judgment which merely reiterate allegations made in the complaint without providing specific factual information made on the basis of personal knowledge are held insufficient).

---

[5] *See* Tavárez v. Champion Prods., Inc., 903 F.Supp. 268, 270 (D. Puerto Rico 1995) ("Although [failure to comply with Local Rule 311.12] [at present Local Rules 7.1(b) and 56]does not signify an automatic defeat, it launches the nonmovant's case down the road toward an easy dismissal."). *See also* Cosme-Rosado, 360 F.3d at 46.

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 12

A *prima facie* case of political discrimination may be proven by circumstantial evidence. Kercado Meléndez v. Aponte Roque, 829 F.2d 255, 264 (1st Cir. 1987); Rosaly v. Ignacio, 593 F.2d 145, 149 (1st Cir. 1979). Evidence suggesting defendants' reorganization was a sham [to cover for dismissal of employees] may be considered probative of discriminatory *animus* by the employer in the adverse employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973) (*finding* these factors necessary to make out a *prima facie* case of political discrimination);[6] González v. Tirado Delgado, 990 F.2d 701, 706 (1st Cir. 1993).

Plaintiffs have claimed in their unsworn Complaint they were deprived of their rights without a proper hearing in violation to their procedural due process right. In order to establish a procedural due process claim under 42 U.S.C. § 1983, the plaintiffs must show that (1) they have a property interest as defined by state law; and (2)defendants, acting under color of state law, deprived them of that property interest without constitutionally adequate process. *See* Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148 (1982); *see also* Mimiya Hosp., Inc. v. U.S. Dept. Of Health and Human Services, 331 F.3d 178, 181 (1st Cir.2003) ("It is well established that 'individuals whose property interests are at stake are entitled to notice and an opportunity to be heard.' " (*quoting* Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694 (2002).

Defendants' Motion for Summary Judgment submits the matching process resulting with information of employees not filing tax returns for the year 1999 was automatically performed

---

[6] The burden shifting mechanism in McDonnell Douglas for a *prima facie* case requires plaintiff to establish 1)being a member of a protected group; 2) who was subject to adverse employment action; 3) qualifies for the position and 4) a person not of the protected class replaced or was selected over plaintiff.

by the computers of the Department of the Treasury with the electronic information provided by the Internal Revenue Service.  Flores Galarza's statement ¶ 5.  To verify the results of the sixty (60) employees therein identified, letters were sent to employees, including plaintiffs, to appear before the Tax Returns Processing Bureau.  The investigation was uniform and followed the same methods for all those employees similarly situated.  The process investigation revealed that in fact, some forty (40) employees had not filed timely tax returns for the year 1999, including plaintiffs.  The reports of interviews performed on April 11, 2001, were submitted to the Director of the Office of Administrative Investigations.  These reports were submitted indicating plaintiff Gutiérrez had not filed his tax returns by late March 2001 for the years 1996, 1997 and 1999.  Similarly, plaintiff Vega had not filed his tax returns for the year 1999, and the tax returns of years 1995, 1996 and 1997 were filed on January 13, 1998.  *Id.* at ¶ 6-7.  Exhibits 2-4, A and D.

In light of the reports, Flores Galarza filed administrative charges against plaintiffs, who were advised of their rights to administrative hearings and as a result of these hearings, independent examiner officials recommended that administrative charges be confirmed and sanctions imposed.  Exhibits E, F, J.  Plaintiff Vega appealed the decision to the Appeals Board for the Personnel System of the Commonwealth of Puerto Rico ("J.A.S.A.P.").

The decision to terminate plaintiffs' employment was based on violations under the Internal Revenue Code of Puerto Rico, the Personnel Law, the Norms for Conduct and Corrective Measures Regulations of the Department of the Treasury and Administrative Order No. 9702 of February 3, 1997, issued by former Secretary of the Treasury, Manuel Díaz

Saldaña.  Exhibits 1, 4.  Corrective actions have been uniformly applied as to all employees similarly situated and would have been taken regardless of political affiliation.  Defendants had no information of plaintiffs' political beliefs or affiliations.  Exhibits 1, 9, 10, 11.

As herein discussed as to plaintiffs' political discrimination claims, they have failed to follow Local Rules 7.1 (b) and 56 in opposing summary judgment.  In view of the foregoing, plaintiffs Gutiérrez and Vega failed to establish a *prima facie* case of political discrimination.  The evidence presented as arguments in plaintiffs' Opposition to summary judgment do not amount to "the specific facts necessary to take the asserted claim out of the realm of speculative, general allegations." Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 n. 5 (1st Cir.1988).  *See* Vázquez-Valentín,  385 F.3d at 40.

### 2.  Defendants' Proffered Reason for their Personnel Actions .

In the absence of a *prima facie* case, there would be no need to further address defendants' proffered reasons for their employment decisions.  However, defendants herein have presented their reason for adverse personnel action as to plaintiffs Gutiérrez and Vega and submitted the existence of regulations and personnel policy that was followed in a neutral procedure and with due process guarantees.

Plaintiffs have not rebutted defendants' reasonable non-discriminatory basis for their employment decisions with any credible evidence which may be available at trial nor thus show defendants' proposed reasons were pretextual.  Thus, plaintiffs have not meet their burden.

The only document directly related to plaintiffs' averment submitted with their Opposition to defendants' motion for summary judgment, seemly Plaintiffs' Statement of

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 15

Material Facts, is unverified, unsworn, and with attachments not translated into the English language, except for the uncertified translation of the letter above mentioned.  These documents were not incorporated to any sworn Complaint or sworn statement, for which plaintiffs have provided no verifiable evidence, except for counsel's allegations and the unsworn answer to the Complaint,  as to the existence of political animus in defendants' adverse employment action.

Plaintiffs have thus failed to meet the burden-shifting analysis in <u>Mt. Healthy</u> because they have not raised a genuine controversy that their known political affiliation was a motivating factor in the adverse employment actions.

Additionally, plaintiffs must also prove, in light of defendants' proffered reasons for employment actions, that defendants' explanation is false and that the real reason behind defendants' actions was discriminatory animus, although it will not always be necessary for the plaintiff to present additional evidence of discrimination beyond that necessary to prove that the proffered reasons are pretextual.  *See* <u>St. Mary's Honor Center</u>, 509 U.S. 502, 511, 113 S.Ct. 2742 (1993); *see also* <u>Alvarez-Fonseca v. Pepsi Cola of Puerto Rico Bottling Co.</u>152 F.3d 17, 24-25 (1st Cir. 1998); <u>Kelley v. Airborne Freight Corp.</u>, 140 F.3d 335, 349 (1st Cir. 1998).

Plaintiffs may have attempted to defeat defendants' proffered reason by stating that other employees similarly situated where not subject of adverse disciplinary action upon their failure to also file income tax returns.  (**Docket No. 20, ¶¶ 10-11**).

Defendants have rebutted such claim by indicating in the Declaration Under Penalty of Perjury of Mr. Juan A. Flores Galarza that, in other instances, adverse employment actions were taken consonant with the employer's policy and in one instant, the employee was not similarly

situated.  Defendants' Exhibit 1, ¶¶ 19(a-f).  Plaintiffs made no effort to show discrimination was more likely than not a motivating factor in the employer's adverse action, except for the unsworn Complaint claiming others with many times worst alleged violations were permitted to resign or not even admonished.  (**Docket No. 1, ¶¶ 9, 10**).

### 3.  Due Process Claims.

Plaintiffs have claimed in the unsworn Complaint being deprived of their property rights to public employment as career employees without due process of law.   The Opposition to defendant's Motion for Summary Judgment states, without more, that the administrative disciplinary process was based on politically discriminatory animus.

Defendants, on the other hand, presented declarations under penalty of perjury and documents authenticated regarding the administrative process which was followed once plaintiffs were notified by co-defendant Flores Galarza of the intention to take adverse employment action; plaintiffs took full advantage to appear at administrative hearings before an independent hearing examiner; were confronted with the evidence; could present evidence; and were notified of the subsequent report and recommendation of disciplinary action to the nominating authority, as well as the right to appeal the decision; which they avail themselves and are pending determination.

Plaintiffs have presented no evidence for a *prima facie* case of discrimination.  When alleging a claim of political discrimination, a plaintiff bears the burden of producing sufficient evidence, whether direct or circumstantial, that he engaged in constitutionally protected conduct and that political affiliation was a substantial or motivating factor behind the challenged

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 17

employment action.  *See* González-De-Blasini v. Family Dept., 377 F.3d 81, 85 (1st Cir. 2004).

The plaintiff must identify evidence which, if believed, would permit a fact finder to conclude

that the challenged employment action stemmed from politically based animus. *See* LaRou, 98

F.3d at 661.  *See also* Nieves-Luciano v. Hernández-Torres,  397 F.3d 1, 4 (1st Cir. 2005).

Thus, plaintiffs not having presented any sworn statement, deposition, affidavit or authenticated

document to show the administrative process followed was vitiated or was a  sham, defendants

would be entitled to summary disposition as to the due process claims.  The pre-determination

hearings as presented by defendants fulfill the purpose of an initial check against mistaken

decisions and as reliable measure for defendants to consider there are reasonable grounds to

believe the charges against plaintiffs are true and support the proposed personnel action.

Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985); Cepero

Rivera v. Fagundo, 2005 WL 1543194 (1st Cir. 2005).

Having thus examined the substance of plaintiffs' due process claim, and having

defendants submitted the administrative process steps followed regarding plaintiffs' claims,

defendants would be entitled thereunder to summary disposition absent opposition that

established a due process violation.  Amsden v. Moran, 904 F.2d 748 (1st Cir. 1990).

**C.  Qualified Immunity.**

"Government officials performing discretionary functions generally are shielded from

liability for civil damages insofar as their conduct does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald,

457 U.S. 800, 818, 102 S.Ct. 2727 (1982).

Based on Supreme Court precedent, the First Circuit employs a three-part test when determining if a public official is entitled to qualified immunity: (1) whether plaintiff's allegations, if true, establish a constitutional violation; (2) whether that right was clearly established at the time of the alleged violation; and (3) whether a similarly situated reasonable official would have understood that the challenged action violated the constitutional right at issue.  Mihos v. Swift, 358 F.3d 91, 102 (1st Cir. 2004).

Defendants have submitted in their petition for summary judgment entitlement to qualified immunity.  The Supreme Court has recognized that qualified immunity embodies "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). Acevedo-García v. Monroig, 351 F.3d 547, 562 (1st Cir. 2003).  Only those individuals who participated in the conduct that deprived plaintiffs of their rights can be held liable since there is no *respondeat superior* liability in §1983 claims.

As explained above, plaintiffs have failed to present a *prima case* of discrimination. Thus, there is no need to entertain the qualified immunity raised because plaintiffs have shown no constitutional violation.[7]  *See* Ruiz-Casillas v. Camacho-Morales,  2005 WL 1530796 (1st Cir. 2005) (*citing*  Suboh v. Dist. Attorney's Office, 298 F.3d 81, 90 (1st Cir.2002); Hope v.

---

[7]  Defendants are entitled to qualified immunity unless (1) the facts alleged show the defendants' conduct violated a constitutional right, and (2) the contours of this right are "clearly established" under then-existing law so that a reasonable officer would have known that his conduct was unlawful. Dwan v. City of Boston, 329 F.3d 275, 278 (1st Cir.2003) (citing Saucier, 533 U.S. at 201, 121 S.Ct. 2151). Saucier instructs that the reviewing court should begin with the former question. "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." Saucier, at 201, 121 S.Ct. 2151. Thus, we approach the qualified immunity inquiry sequentially. Santana v. Calderón,  342 F.3d 18, 23 (1st Cir. 2003).

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 19

Pelzer, 536 U.S. 730 (2002); Saucier v. Katz, 533 U.S. 194, 201 (2001) (start first with the question of whether the plaintiffs have stated a claim for violation of the First Amendment at all); Siegert v. Gilley, 500 U.S. 226, 232 (1991)) ("The threshold inquiry [in determining whether an official is entitled to qualified immunity] is whether the plaintiff's allegations, if true, establish a constitutional violation."); Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985) (qualified immunity embodies "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law.").  *See also* González-De-Blasini, 377 F.3d at 88.

**D.  Pendent Jurisdiction over State Claims.**

Plaintiffs submitted claims under the "Anti-Discrimination Local Law 100" [Law 100 of 1959, 29 PRLA §146] and Article 1802 of the Puerto Rico Civil Code [P.R. Laws Ann. tit. 29, § 148] which fall within the discretional supplemental jurisdiction of this court for state claims.

Pendent or supplemental jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute but one constitutional case.  The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966); Rodríguez v. Doral Mortgage, 57 F.3d 1168, 1175 (1st Cir. 1995).

Miguel A. Gutiérrez-Rivera, et al., v. Juan A. Flores Galarza, et al.
Civil No. 04-1144 (DRD)
Report and Recommendation
Page No. 20

The exercise of pendent jurisdiction as to plaintiffs' state claims are subject to the Court's discretionary power. Federal claims against defendants would not survive motion for summary judgment, as explained above. Thus, upon an assessment of judicial economy and fairness to litigants, it is recommended to the Court not to exercise pendent jurisdiction as to plaintiffs' state claims against defendants.

## V.   CONCLUSION

In light of the above discussed there are no genuine issues of fact and credibility determinations as to defendants' petition for summary disposition that adverse employment action were not motivated by a politically discriminatory animus in violation of their due process and First Amendment rights, thus, summary judgment is appropriate.

Therefore, upon plaintiffs' failure to support a *prima facie* case that the employment decisions were motivated by a politically discriminatory animus in violation of their due process and First Amendment rights and failure to rebut defendants' reasons for the adverse employment action as pretextual, it is recommended defendants' request for summary judgment be GRANTED[8] and this case be DISMISSED. In addition, it is recommended any related state claims be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

The parties are ordered to file any objections to this report and recommendation within ten (10) days. Failure to file same within the specified time waives the right to appeal this order.

---

[8] Summary judgment will also be upheld where the "nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculations". Rivera-Cotto v. Rivera, 38 F.3d 611, 613 (1st Cir. 1994).

Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the Magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 12th day of July of 2005.


**s/ CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**