## IN THE UNITED STATES DISTRICT COURT
## FOR THE UNITED STATES OF AMERICA

**MIGUEL A. GUTIERREZ, et al.,**
**Plaintiffs**

**v.**                                    **CIVIL NO. 04-1144(DRD)**

**JUAN A. FLORES GALARZA, et al.,**
**Defendants**

### OPINION AND ORDER

Pending before the Court is the defendants, Juan A. Flores-Galarza, in his official and personal capacities; Ismael Vicenty and Nitza Fuste, in their official capacities; and Maria del C. Betancourt in her official and personal capacities' *Motion for Summary Judgment* (Docket No. 15). In sum, defendants move the Court to grant brevis disposition on the grounds that plaintiffs' complaint failed to show that political affiliation was a substantial or motivating factor behind the adverse personnel action resulting in termination from employment.  In other words defendants aver that plaintiffs have failed to establish a *prima facie* case of political discrimination under 42 U.S.C. §1983.

The Summary Judgment was referred by the undersigned to Magistrate Judge Camille L. Velez Rive (Docket No. 29) whom issued a Report and Recommendation of dismissal.  (Docket No. 31).  Plaintiffs untimely filed their objections.  (Docket No. 32).  For the reasons herein stated, the Court hereby **ADOPTS *in toto*** the Magistrate Judge's Report and Recommendation (Docket No. 31); **GRANTS** the defendants' *Motion for Summary Judgment* (Docket Nos. 15 and 16) and **DISMISSES** plaintiffs' claims **WITH PREJUDICE** against the defendants.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED. R. CIV. P. 72(b); Rule 72(4), Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's Report and Recommendation by filing it's objections with ten (10) days after being served a copy thereof. See Local Rule 72 (d); FED. R. CIV. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent, part provides that:

Within ten days of being served with a copy, any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims no preserved by such objections are precluded on appeal." <u>Davet v. Maccarone</u>, 973 F.2d 22, 30-31 (1st Cir., 1992). <u>See also</u> <u>Henly Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir., 1994)(holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); <u>Lewry v. Town of Standish</u>, 984 F.2d 25, 27 (1st Cir., 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections specified"); <u>Keating v. Secretary of H.H.S.</u>, 848 F.2d 271, 275 (1st Cir., 1988); <u>Borden v Secretary of H.H.S.</u>, 848 F.2d 4, 6 (1st Cir., 1987)(holding that appellant was entitled to a *de novo* review, "however, he was not entitled to a *de novo* review of an argument never raised"). <u>See generally</u> <u>United States v. Valencia</u>, 792 F.2d 4, 6 (1st Cir., 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir., 1980).

Plaintiffs filed their objections to the Magistrate Judge's Report and Recommendation. However, said filing was made having elapsed the term provided to the parties to do so hence, "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 72(d); <u>see</u> <u>United States v. Mitchell</u>, 85 F.3d 800, 803 (1st Cir. 1996). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." <u>Davet v. Maccarone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992). <u>See also</u> <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); <u>Lewry v. Town of Standish</u>, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); <u>Keating v. Secretary of H.H.S.</u>, 848 F.2d 271, 275 (1st Cir. 1988); <u>Borden v. Secretary of H.H.S.</u>, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). <u>See generally</u> <u>United States v. Valencia</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the

record in order to accept the unopposed R & R. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5ht Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); ; Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)( "when no objections are filed, the district court need only review the record for plain error").

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir.1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975), cert.

denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).  The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e).  Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968), reh'g denied, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968).

Finally, it is known that unsettled issues of motive and intent as to the conduct of any party – as may arise in actions under §§ 1983 and 1985 – will normally preclude the Court from granting summary judgment. Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (internal quotation marks omitted) (citation omitted); see also Tew v. Chase Manhattan Bank, N.A., 728 F.Supp. 1551, 1555 (S.D.Fla. 1990) ("Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.'").  However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996).

## FACTUAL LANDSCAPE

Plaintiffs, Miguel A. Gutierrez-Rivera and Angel Vega-Vazquez were employees with the Treasury Department for the Commonwealth of Puerto Rico.  Plaintiffs sustain that they are followers of the New Progressive Party (NPP) and that they were dismissed from employment due to their political affiliation.  Further, plaintiffs affirm that they held career employee status and that termination from employment was effectuated without affording the required due process of law. On February 23, 2004, plaintiffs filed the instant complaint seeking compensatory and pecuniary damages, declaratory judgment and injunctive relief against the defendants for the violation of plaintiffs rights under the First and Fourteenth Amendment of the Constitution of the United States,

the Constitution of Puerto Rico and under local state law.[1]

Plaintiffs sustain that administrative charges were filed against them for their failure to timely file their individual income tax returns while other employees similarly situated were allowed to resign or not even admonished. Hence, plaintiffs allege that because of the politically discriminatory animus of the defendants, plaintiffs were selectively prosecuted. Finally, plaintiffs aver that other employees within the Department of the Treasury which are similarly situated, were not disciplined because their political affiliation is sympathetic to defendants.

## LEGAL LANDSCAPE

After a careful analysis of defendants' request for summary disposition and plaintiffs' opposition thereto, Magistrate Judge Camille L. Velez Rive recommended the Court to grant the defendants' brevis disposition request. The Court notes that plaintiffs filed their objection to the Magistrate Judge's R & R past the term of ten (10) days provided hence pursuant to Local Rule 7.1(b) plaintiffs' objections are deemed waived and consequently, the R & R is deemed unopposed. Further, at the time the defendants' motion for summary judgment was referred to the Magistrate Judge for the instant R & R, the Court advised plaintiffs that any objections should be filed within ten (10) days of the issuance of said R & R and that no extensions of time were to be granted. Since plaintiffs failed to file their objections within the term provided, the consequence is unavoidable. However, plaintiffs' objections to the R & R addresses two conclusions reached by the Magistrate Judge, to wit, the insufficiency of the plaintiffs' statement of contested facts hence the defendants' motion for summary judgment was deemed as unopposed, and plaintiffs' failure to establish a prima facie case of political discrimination pursuant to §1983. The Court, out of its generosity revisits the standards of review for both objections as if plaintiffs had made a timely filing.

## *PRIMA FACIE* CASE OF POLITICAL DISCRIMINATION

Defendants aver plaintiffs failed to establish a *prima facie* case as required in cases of political discrimination. The Magistrate Judge agreed. In its R & R, the Magistrate Judge concluded that plaintiffs' opposition to defendants' motion for summary judgment "rests on a statement of

---

[1] The instant defendants are: Juan A. Flores-Galarza, Secretary of the Department of the Treasury, sued in his personal and official capacities; Ismael Vicenty, Auxiliary Secretary for Internal Revenue, and Nitza Fuste, Auxiliary Secretary for Administration, sued in their official capacities; and Maria del C. Betancourt, Auxiliary Secretary for Human Resources, sued in her official and personal capacities.

material facts that, for the most part, denies each numbered paragraph of the moving party's statement of material facts by reiterating 'denied inasmuch as it is a generalized, unsupported, self-serving, irrelevant, hearsay, and thus inadmissible statement'". The R & R also concluded that the opposition failed to include documents in other than the English language which were not considered since the parties were forewarned and a deadline was provided to submit certified translations of said documents. Finally, the Magistrate Judge concluded that the statement of contested facts submitted by plaintiffs failed to met the threshold for purposes of the anti-ferreting rule incorporated in the Local Rules of this Court and expressly accepted by the jurisprudence of this district and the First Circuit Court of Appeals, hence the summary judgment was deemed unopposed.

In their objection to the Magistrate Judge's Report and Recommendation, plaintiffs sustain that, in concluding that plaintiffs have failed to established a prima facie case, the Magistrate Judge disregarded the fact that plaintiffs established the *prima facie* case with defendants' evidence, to wit, that there are two employees, Gloria Ortega de Diego, and Luz N. Mulero Diaz which are members of plaintiffs' opposing party who are still working for defendants and are in a similarly situated position to the plaintiffs.

To prevail in a §1983 claim, plaintiffs have to demonstrate defendants deprived them of their federal constitutional rights, privileges or immunities, while acting under color of state law. Romero Barceló v. Hernández Agosto, 75 F3d 23, 32(1st Cir., 1996). In order to establish a prima facie case of political discrimination pursuant to §1983, plaintiffs have to establish they engaged in a constitutionally protected conduct and  this conduct was the motivating factor in the adverse action. Id. *See also* González de Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir., 2004); Mt Healthy City Sch. Dist. Bd. v Doyle, 429 U.S. 274, 287 (1977). Further, plaintiffs must demonstrate a causal relation between defendant's conduct and plaintiffs' political beliefs. La Rou v Ridlon, 98 F.3d 659, 663(1st Cir. 1996). That is, "[t]he plaintiff must point 'to evidence on the record which, if credited, would permit a rational finder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus."González de Blasini v. Family Department 377 F.3d at 85 (*quoting* La Rou v Ridlon, 98 F.3d at 661, *quoting* Rivera-Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994)). Although circumstantial evidence may be sufficient to support a finding of political discrimination, plaintiffs must make a **fact specific showing that a causal connection exists between the adverse treatment and their political affiliation**. Avilés-Martínez v. Monroig, 963 F. 2d 2, 5 (1st Cir.1992)( Emphasis added).

In sum, a plaintiff who claims he or she was a victim of political discrimination "may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory *animus*. It is the plaintiff who bears the initial burden of showing that political discrimination was the motivating factor in the adverse decision. *See*, Avilés-Martinez v. Monroig, 963 F. 2d at 5; Mt Healthy City School District Board v. Doyle, 429 U.S. at 287. Only after plaintiffs have established their prima facie case, the burden shifts to defendants who must establish that they would have taken the same action regardless of plaintiffs' political beliefs. Id. *See also*, Sánchez-López v. Fuentes Pujols, 375 F.3d at 131.[2]

The Supreme Court has established a tripartite burden shifting test in cases of political discrimination. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. at 287. The first part requires the plaintiff to establish a *prima facie* case of political discrimination by submitting direct or circumstantial evidence that supports his claim that political affiliation was the primary or motivating factor in his employer's adverse decision in terminating his employment. Once this evidence is submitted to the Court, the burden shifts to the defendant to show, by preponderance of the evidence, the decision to terminate employment would have been made regardless of the employee's political affiliation. If the reason proffered by the defendant is credible and nondiscriminatory, the plaintiff is then provided a chance to make a showing that political affiliation "was **more likely than not** a motivating factor." Padilla-García v. Rodríguez, 212 F.3d at 74. (Emphasis added). Therefore, the plaintiffs may still prevail if it is found they would not have received the same treatment 'but for' their political affiliation. Acosta Sepúlveda v. Hernández Purcell, 889 F.2d 9, 13 (1st Cir., 1989).

After considering defendants' request for summary disposition, plaintiffs' opposition, the pleadings, depositions and answers to interrogatories on file, together with the affidavits and bearing in mind that at all times during the consideration of a motion for summary judgment, the entire record must be examined "in the light most flattering to the non-movant and indulg[ing] all reasonable inferences in the party's favor", Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d at 581,

---

[2] Notwithstanding, different that in Title VII cases, in political discrimination cases pursuant to § 1983 in order to establish a prima facie case of discrimination plaintiffs do not have to necessarily establish that they were substituted by members of the opposing party although, without a doubt, said fact would definitely weight in favor of an inference of discrimination.

the Court finds that none of the plaintiffs in the case at bar, satisfied the first part of the <u>Mt. Healthy</u> tripartite test.  The Court explains.

In their complaint, plaintiffs stated that they were NPP followers and leaders in their communities while the defendants are members of the PDP, opposing party to defendants and were appointed to their position because their political affiliation developing a discriminatory *animus* against members of the NPP depriving said plaintiffs of their constitutionally protected rights. Plaintiffs sustain that they are career employees who for justified reasons filed late their income tax returns but had paid their income tax responsibilities.   Notwithstanding, plaintiffs were terminated from employment without the due process of law and because they were NPP sympathizers against their First Amendment rights.  Likewise, plaintiffs affirms that there are other employees within the Treasury Department who were similarly situated with plaintiff but because their political affiliation were not treated in similar fashion as the former but because of their political affiliation identical to the defendants were not penalized equally.

It is known that political shifts from one political party to another "coupled with a plaintiff and a defendant of competing political persuasions may be probative of a political discriminatory *animus*".  <u>Acevedo-Diaz v. Aponte</u>, 1 F.3d 62, 69 (1st Cir., 1993).  However, the record is devoid of signs of political activism exhibited by plaintiffs known by any of the defendants which may draw an inference that there was discriminatory animus in the adverse determination. <u>Id</u>. <u>See</u> <u>Nereida-Gonzalez v. Tirado-Delgado</u>, 990 F.2d 701, 706 (1st Cir.,1993) (recognizing evidence that plaintiff was "known" party member); <u>Ferrer v. Zayas</u>, 914 F.2d 309, 312 (1st Cir. 1990) (acknowledging that plaintiffs' political affiliation was not only "well known" but, in some instances, notorious); <u>Kercado-Melendez v. Aponte-Roque</u>, 829 F.2d 255, 264 (1st Cir., 1987)(noting plaintiff's "long, active, and visible membership" in the opposition party).  As to this matter, the record only shows the general allegations proffered by plaintiffs of their political affiliation and the conclusion that because the defendants were appointed by the new Governor, they shared the same political affiliation as the nominating authority and that, by itself, ignited a political persecution against members of opposing party as plaintiffs.  The Court is precluded from drawing such an inference with the allegations proffered by plaintiffs in their complaint.

Furthermore, **neither the complaint nor the opposition to the motion for summary judgment reveals any fact that any of the defendants were aware of plaintiffs' political**

**affiliation**.  **This factor is critical**.  Nowhere in the record is shown that defendants knew or should have known plaintiff's political affiliation.  In other words, plaintiffs' averments relating to defendants' selective prosecution because of the former's political affiliation is deemed as lacking foundation simply because the record does not support plaintiffs' allegations of defendants knowing their political affiliation.  Neither, plaintiffs have provided evidence that, taken in the light most flattering to the non-movant and drawing all reasonable inferences in their favor, <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d at 581,  would support the fact that plaintiffs were victims of adverse employment actions by defendants because of their political affiliation.

In sum, the Court deems that the Magistrate Judge's R & R as to plaintiffs' failure to establish a *prima facie* case of political discrimination is accurate.  Likewise, the undersigned concludes that plaintiffs' request moving the Court to draw an inference as to political discriminatory behavior incurred by defendants is a long stretch since the record is devoid of any grounds allowing plaintiffs to meet the required threshold.[3]

### THE ANTI-FERRETING RULE

The Magistrate Judge's R & R deemed that plaintiff's statement of contested facts contained within its opposition to defendants' motion for summary judgment constituted a generalized statement of uncontested facts resulting in considering the defendants' motion for summary judgment as unopposed.  The plaintiffs object said conclusion sustaining that the Magistrate Judge considered what plaintiffs' called *Admission, Denial or Qualification of Facts by Reference to Each*

---

[3] It should be noted that although plaintiffs also averred that they were deprived of their due process of law because of termination without proper hearing, the plaintiffs have an appeal pending before the Appeals Board for the Personnel System of the Commonwealth of Puerto Rico under numbers DT-2003-03-1106 for plaintiff Vega-Vazquez; and number DT-2003-03-1101 for plaintiff Gutierrez-Rivera.  Further, defendants affirms that plaintiffs appeared to said hearing represented by legal counsel.  The outcome of the appeals still pending.  (*See* Defendants' Statement of Uncontested Facts, ¶¶ 14-28, Docket No. 17)(The Court notes that plaintiffs opposition to defendants' motion for summary judgment failed to challenge this fact and/or to provide any evidence to the contrary).  Therefore, the Court deems that plaintiffs allegations as to violation to the due process of law are completely devoid of merit.   Since defendants failed to raise an objection as to this conclusion, absent plain error, *See* <u>Douglass v. United Servs. Auto, Ass'n</u>, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of the magistrate judge); <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"), this Court hereby **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** defendants' request for summary disposition as to plaintiffs' procedural due process claim.  Further, defendants' statement of facts were not opposed in that the procedural due process claim has become moot because due process has been granted by the government and defendants are currently engaged in the procedure granted to career employees to challenge terminations.  <u>Stepanischen v. Merchants Despatch Trans.</u>, 722 F.2d 922, 927 (1st Cir. 1993); <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001).

*Numbered Paragraph of the Moving Party's Statement of Material Facts*, a section within their *Plaintiffs' Statement of Material Facts*.  Instead, the plaintiffs sustain that the Magistrate Judge should have looked further down the document wherein a section entitled *Statement of Material Facts* was included and specific reference to the record was made in accordance with Local Rule 56(c).

> Local Rule 56(c) provides that:

>> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

> However, Local Rule 56(e) states that:

>> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted.  An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion .  The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties; separate statement of facts.

Furthermore, it is well established that district courts have been specifically and expressly encouraged by the First Circuit Court of Appeals to adopt "anti-ferreting rules" which might assist them in adjudicating motions for summary judgment.  "The 'anti-ferret rules' serves one crucial purpose.  It lays out the material facts in dispute clearly for a district court that is swamped with an overwhelming number of civil and criminal dispositive motions.  It requires both the moving party and the non-moving party to properly support their respective lists of material facts with specific references to the record." Velez v.  Puerto Rico Electric Power Authority, 170 F. Supp. 2d 158, 162 (1st Cir.2001)(Dominguez, J.).

In explaining the importance of making specific references to the record, the First Circuit

Court held in Stepanischen v. Merchants Despatch Trans., 722 F. 2d 922, 927 (1ˢᵗ Cir.1983), that "a party's failure to comply would, where appropriate, be grounds for judgment against that party." It is well established that District Courts have been encouraged to adopt "anti- ferreting" rules, which warn parties opposing summary judgment that, to preclude judgment as a matter of law, they must identify factual issues buttressed by record citations. "[O]nce so warned," we added, "a party's failure to comply would, where appropriate, be grounds for judgment against that party." "This case is a lesson in summary judgment" Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33(1st Cir. 2001)(*quoting* Stepanischen at 931). Furthermore, opposing parties are also reminded that: "[a]ll material facts set forth in the statement required to be served by the moving party **shall be deemed to be admitted** unless controverted by the statement required to be served by the opposing party." Stepanischen v. Merchants Despatch Trans., 722 F. 2d at 927, (*emphasis added*). Accordingly, if the opposing party fails to comply fully with the requirements of Local Rule 56 (c), the Court will deem admitted the facts set forth in the moving party's statement of uncontested facts, which as a practical matter will often be equivalent to entering default judgment against the non-moving party.

This case –and particularly in view of plaintiff's opposition– is not the paragon of compliance with this Court's "anti-ferreting" rule, Local Rule 56(c). This, notwithstanding the First Circuit's strong and consistent admonition that "parties ignore [said rule] at their own peril . . . ," Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1ˢᵗ Cir. 2000)(*citing prior cases*), and that "a party's failure to comply [with it] would, where appropriate, be grounds for judgment against that party." See Morales v. A.C. Orssleff's EFTF, 246 F.3d at 33 (*citations omitted*); *see also* Velez v. Puerto Rico Electric Power Authority, 170 F.Supp.2d at 162.

As the Magistrate Judge correctly concluded in its Report and Recommendation, plaintiffs' opposition to the motion for summary judgment fails to meet the threshold established by Local Rule 56(c) and the applicable caselaw. The Court explains. Firstly, plaintiffs submitted a Statement of Material Facts divided in two (2) subsections. The first subsection, entitled *Admission, Denial or Qualification of acts by Reference to Each Numbered Paragraph of the Moving Party' Statement of Material Fact* provides forty two(42) paragraphs either admitting, denying and/or qualifying defendants' individual statements of uncontested facts. These forty two(42) paragraphs are correspondent to the paragraphs in the defendants' motion for summary judgment however, only in ten (10) of those paragraphs (¶¶29-38) reference to the record is made. Evidently, this cannot be considered by the undersigned as complying with the requisite that the factual issues have been

buttressed by record citations.  <u>Stepanischen</u>, 722 F.2d at 931.  Consequently, plaintiffs' failure to comply with this requisite provides grounds for judgment against them.

Notwithstanding, plaintiffs provided a second subsection entitled *Statement of Material Facts* comprised of eleven (11) paragraphs wherein specific citation to the record was provided.  The Court notes that the citation to the record provided by plaintiffs relates to defendants statement of uncontested facts and to defendants' exhibits.  However, the statement provided by plaintiffs is unsupported by facts or evidence on the record that may raise a triable issue.  It is the undersigned's opinion that the statements as redacted by plaintiffs are speculative and argumentative failing to establish that there are genuine issues of material fact which may bar the entry of summary judgment.  Finally, the statement of facts as provided by plaintiffs fails to cure the fact that plaintiffs have fallen short of establishing a prima *facie case* of political discrimination.[4]

## SUPPLEMENTAL JURISDICTION CLAIMS

The Judicial Improvements Act of 1990, 28 U.S.C.A. 1367, provided statutory authority for the federal courts to exercise their jurisdiction over state claims and/or additional parties over which it would not otherwise have jurisdiction because those claims arise from a common nucleus of operative facts. Said Act provides that:

" In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."28 U.S.C.A. 1367(a).

Therefore, pursuant to the aforementioned section, "a federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims 'derive from a common nucleus of operative facts'".  <u>Vera-Lozano v. International Broadcasting</u>, 50 F.3d 67,70 (1st Cir., 1995).

However, in some instances, pursuant to section 1367 (c) from the Judicial Improvements Act of 1990, the Court has discretion to dismiss a state law cause of action. 28 U.S.C.A. 1367 (c):

---

[4] Again, plaintiffs fail to establish that any one particular defendant had knowledge that any one of plaintiffs was an affiliate of the NPP and hence there is a lack of nexus between the political affiliation and the adverse action.

> The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) **the district court has dismissed all claims over which it has original jurisdiction, or**
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C.A. §1367(c).

In <u>Rodríguez v. Doral Mortgage</u>, 57 F. 3d 1168,1177 (1st Cir., 1995) the Court of Appeals granted that the early disposition of the pendent claims "will trigger the dismissal without prejudice of any supplemental state-law claims". In the instant case, the Court has dismissed the colorable federal claims raised by plaintiffs and although, the Court may retain jurisdiction over the state claims against the defendants since they "derive from a common nucleus of operative facts", Vera-Lozano v. International Broadcasting, 50 F.3d at 70, the Court may also decline to exercise its supplemental jurisdiction. The fact that only state law claims remain against these Co-Defendants, although it does not preclude this Court's jurisdiction to entertain the state claims against them, moves the Court to exercise its discretion and decline to exercise jurisdiction as to the said state claims.

**CONCLUSIONS**

For the reasons stated herein, the Court hereby **ADOPTS** ***in toto*** the Magistrate Judge's Report and Recommendation (Docket No. 31), **GRANTS** the defendants *Motion for Summary Judgment* (Docket Nos. 15 and 16) and **DISMISSES** all plaintiffs federal claims against the defendants **WITH PREJUDICE**.  The Court **DISMISSES** plaintiffs' state law claims against the defendants **WITHOUT PREJUDICE**. **Judgment** shall be issued accordingly.  **THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 26th day of August 2005.

**S/DANIEL R. DOMINGUEZ**

**DANIEL R. DOMINGUEZ**

**U.S. DISTRICT JUDGE**

Page 13 of  13
